IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-48-MU

| | |
|---|---|
| DIAGNOSTIC DEVICES, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CAPITAL GROWTH ASSET BASED ) | |
| BRIDGE LOAN FUND II, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before this Court on Plaintiff's Motion to Extend Temporary Restraining Order (TRO). Plaintiff's motion is hereby granted.

This matter was removed from state court on February 4, 2010, two days after the TRO was granted. The state court had scheduled a hearing on February 9, 2010 to deal with Plaintiff's State Court Motion for Preliminary Injunction. Defendant has effectively cutoff the state court hearing by removing this matter. This Court will not allow Defendant "to overcome continued injunctive relief simply by removing the case to this federal forum." *American Sys. Consulting, Inc. V. Devier*, 514 F. Supp. 2d 1001, 1009 (S.D. Ohio 2007).

The Court has also considered the four factor, balance of hardship test that is applied to preliminary injunctions; and the Court finds that, at this stage, the test weighs in favor of extending the TRO. Under the test, the Court must consider the following: "(1) the likelihood of irreparable harm to the plaintiffs if injunctive relief is denied; (2) the likelihood of harm to the defendants if the order is granted; (3) the likelihood that the plaintiffs will prevail on the merits; and (4) the degree to which the public interest is served by issuance of injunctive relief." *N.C.*

*Growers' Ass'n, Inc. v. Solis*, 2009 WL 1905067, *3 (M.D.N.C. June 29, 2009). (1) The Court finds that the Plaintiff could suffer irreparable harm if DDI loses clients. (2) In order to spare Defendant from potential harm, Plaintiff must post cash or bond with the Court in the amount of $50,000. (3) Plaintiff has shown that it will likely prevail, at least in some part, on the merits. (4) Finally, the public interest would be served by ensuring DDI's business is unharmed, thereby providing diabetics with a low-cost means to measure their blood sugar.

The Court therefore extends the TRO until it decides Plaintiff's Motion for Preliminary Injunction; this decision in no way indicates the Court's view towards Plaintiff's Motion for Preliminary Injunction. Plaintiff is ordered to post cash or bond with the Court in the amount of $50,000 by 5:00 p.m. on February 16, 2010. On March 4, 2010 at 10:30 a.m. in Courtroom #3, the Court will hold a hearing on Plaintiff's Motion for Preliminary Injunction and Defendant's planned Motion to Transfer Venue. Defendant must respond to the Motion for Preliminary Injunction by February 24, 2010, and Plaintiff's reply is due by Noon on March 1, 2010. Defendant must file its Motion to Transfer Venue by February 17, 2010, and Plaintiff's response is due February 24, 2010; there will be no reply.

So ordered.

Signed: February 11, 2010

Graham C. Mullen
United States District Judge